IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHIRE VIROPHARMA INCORPORATED, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | C.A. No. 17-414-MSG |
| CSL BEHRING LLC and CSL BEHRING GMBH, ) ) ) ) | |
| Defendants. ) | |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS WILLFUL INFRINGEMENT CLAIM IN PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

OF COUNSEL:
Sanya Sukduang
Jonathan R. Davies
Amanda K. Murphy
Lillian M. Robinson
FINNEGAN, HENDERSON, FARABOW, GARRETT
 & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 408-4377

Anthony C. Tridico
FINNEGAN, HENDERSON, FARABOW, GARRETT
 & DUNNER, LLP
16 Old Bailey
London EC4M 7EG
United Kingdom
011.44.207.864.2888

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
David M. Fry (No. 5486)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
*Attorneys for Defendants*

Dated: September 7, 2017

- i -

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. NATURE AND STAGE OF THE PROCEEDINGS ...................................................... 1

III. SUMMARY OF ARGUMENT ....................................................................................... 2

IV. STATEMENT OF FACTS .............................................................................................. 3

    A. Background on Shire's Patent............................................................................... 3

    B. The Willfulness Allegation in Shire's Second Amended Complaint ..................... 4

V. ARGUMENT ................................................................................................................... 4

    A. Legal Standards..................................................................................................... 4

        1. The Complaint Must Allege Facts that Make the Plaintiff's Claims Plausible ................................................................................................... 4

        2. Willful Infringement ............................................................................... 5

    B. Shire's Second Amended Complaint Fails To Adequately Plead Willful Infringement......................................................................................................... 7

VI. CONCLUSION................................................................................................................ 9

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*,
    C.A. No. 15-595-LPS, 2016 WL 6594083 (D. Del. Nov. 7, 2016) ............................................7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..............................................................................................................4, 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ..............................................................................................................4, 5

*Circuit City Stores, Inc. v. Citgo Petroleum Corp. v. Mobil Oil Corp.*,
    No. CIV. A. 92-CV-7394, 1994 WL 483463 (E.D. Pa. Sept. 7, 1994) ......................................2

*Dorman Prod., Inc. v. Paccar, Inc.*,
    201 F. Supp. 3d 663, 681 (E.D. Pa. 2016) ................................................................................9

*Fowler v. UPMC Shadyside*,
    578 F.3d 203 (3d Cir. 2009) .......................................................................................................5

*Godlewski v. Affiliated Computer Servs., Inc.*,
    210 F.R.D. 571 (E.D. Va. 2002) ................................................................................................2

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    136 S. Ct. 1923 (2016) ..............................................................................................2, 5, 6, 7

*Ideal Instruments, Inc. v. Rivard Instruments, Inc.*,
    434 F. Supp. 2d 598 (N.D. Iowa 2006) .....................................................................................2

*Jenkins v. LogicMark, LLC*,
    No. 3:16-CV-751-HEH, 2017 WL 376154 (E.D. Va. Jan. 25, 2017) ........................................7

*MONEC Holding AG v. Motorola Mobility, Inc.*,
    897 F. Supp. 2d 225 (D. Del. 2012) ..........................................................................................5

*Princeton Digital Image Corp. v. Ubisoft Entm't SA*,
    C.A. No. 13-335-LPS-CJB, 2016 WL 6594076 (D. Del. Nov. 4, 2016) ...................................8

*In re Seagate Technology, LLC*,
    497 F.3d 1360 (Fed. Cir. 2007) ..................................................................................................5

*Varian Med. Sys., Inc. v. Elekta AB*,
    C.A. No. 15-871-LPS, 2016 WL 3748772 (D. Del. July 12, 2016) ................................ *passim*

*Zimmer Surgical, Inc. v. Stryker Corp.*,
   C.A. No. 16-679-RGA-MPT, 2017 WL 3736750 (D. Del. Aug. 30, 2017) ....................... 5, 6, 8

**Federal Statutes**

35 U.S.C. § 284 ................................................................................................................................ 5

**Rules**

Fed. R. Civ. P. 8(a) .................................................................................................................. 4, 5, 7

Fed. R. Civ. P. 12(a)(4) ................................................................................................................... 2

Fed. R. Civ. P. 12(b)(6) ......................................................................................................... 2, 3, 5, 9

**I.     INTRODUCTION**

CSL Behring is a global leader in the development of plasma-derived biotherapeutics for treating rare and serious medical conditions.  Hereditary angioedema (HAE) is one such life-threatening condition, affecting 1 in 10,000 to 50,000 people and characterized by acute swelling attacks of the face, larynx, abdomen, and extremities.  CSL Behring developed and markets Haegarda®, a self-administered plasma-derived concentrate of C1-esterase inhibitor (C1-INH), which replaces the missing or dysfunctional C1-INH protein in patients with HAE.  The Food and Drug Administration (FDA) approved CSL Behring's Haegarda® product on June 22, 2017, and CSL Behring launched Haegarda® in July 2017 as the first and only subcutaneous prophylaxis to prevent HAE attacks in the United States.  In its Second Amended Complaint, Shire accuses CSL Behring of inducing and contributorily infringing Shire's U.S. Patent No 9,616,111 (the "'111 Patent"), asserting that such alleged infringement is willful.  As discussed herein, Shire has failed to plead sufficient facts to plausibly support its allegation of willful infringement.

**II.    NATURE AND STAGE OF THE PROCEEDINGS**

Shire ViroPharma Incorporated ("Shire") initially brought this patent infringement suit against CSL Behring LLC on April 11, 2017, the same day that the '111 Patent issued, and years after CSL Behring first began its extensive clinical development program.  D.I. 1.  Shire amended the Complaint to add CSL Behring GmbH as a co-defendant on April 28, 2017.  D.I. 6 (First Amended Complaint).  CSL Behring LLC and CSL Behring GmbH (collectively, "CSL Behring") brought a motion to dismiss Shire's Amended Complaint on July 31, 2017.  D.I. 11.  Shire sought leave from the Court, unopposed by CSL Behring, to file a Second Amended Complaint (D.I. 18), which the Court granted on August 24, 2017 (D.I. 19).  Shire's Second Amended Complaint added a claim alleging that "Defendants' infringement of the '111 patent

has been and continues to be willful." D.I. 18-1 ¶ 44. CSL Behring brings the present partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) because Shire's Second Amended Complaint fails to state a claim of willful infringement.[1]

### III. SUMMARY OF ARGUMENT

In order to state a claim for willful infringement, a plaintiff must allege: (1) that a putative defendant had knowledge of the patent alleged to be infringed, and (2) that the defendant's conduct was "egregious." *Varian Med. Sys., Inc. v. Elekta AB*, C.A. No. 15-871-LPS, 2016 WL 3748772, at *8 (D. Del. July 12, 2016) (citing *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932-36 (2016)). Shire, however, fails to allege circumstances that transform CSL Behring's alleged "typical infringement" into "egregious misconduct" as required to sustain a willful infringement claim. *Id.* Indeed, fatal to Shire's willfulness claim is its failure to allege how CSL Behring's purported acts of infringement, in making, using, or selling Haegarda®, are in any way "egregious." *Varian Med. Sys.*, 2016 WL 3748772, at *8. No such allegation can be made because, as discussed herein, prior to the launch of Haegarda®, CSL Behring initiated a challenge to the '111 Patent's validity at the United States Patent Office. Moreover, prior to Haegarda's® launch, Shire chose not to seek a preliminary injunction to

---

[1] Serving a motion under Rule 12 of the Federal Rules of Civil Procedure postpones the deadline to serve a responsive pleading until after the Court has ruled on the Rule 12 motion. *See* Fed. R. Civ. P. 12(a)(4); *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F. Supp. 2d 598, 639 (N.D. Iowa 2006) ("[A] motion pursuant to Rule 12(b), even one that challenges less than all of the claims . . . extends the time to answer as to all claims in the pleading."); *Godlewski v. Affiliated Computer Servs., Inc.*, 210 F.R.D. 571, 572 (E.D. Va. 2002) ("A majority of courts . . . hold that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion."); *Circuit City Stores, Inc. v. Citgo Petroleum Corp. v. Mobil Oil Corp.*, No. CIV. A. 92-CV-7394, 1994 WL 483463, at *4 (E.D. Pa. Sept. 7, 1994) ("A partial 12(b) motion enlarges the time to file an answer."). Thus, CSL Behring will answer the Second Amended Complaint at the appropriate time following the Court's ruling on this motion.

prevent CSL Behring's purportedly infringing activity. The Court should therefore dismiss the willfulness claim in Shire's Second Amended Complaint for failing to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## IV. STATEMENT OF FACTS

### A. Background on Shire's Patent

Shire's '111 Patent is directed to a method for treating HAE by administering a biopharmaceutical composition comprising a C1 esterase inhibitor. The patent contains one independent claim, claim 1, which recites:

> A method for treating hereditary angioedema (HAE), said method comprising subcutaneously administering to a subject in need thereof a composition comprising a C1 esterase inhibitor, a buffer selected from citrate or phosphate, and having a pH ranging from 6.5-8.0, wherein the C1 esterase inhibitor is administered at a concentration of at least about 400 U/mL and a dose of at least about 1000 U, and wherein the administration of the composition comprising the C1 esterase inhibitor increases the level of C1 esterase inhibitor in the blood of the subject to at least about 0.4 U/mL, and wherein the C1 esterase inhibitor comprises an amino acid sequence at least 95% identical to residues 23 to 500 of SEQ ID NO:1.

DI. 18-2 ('111 Patent) at col. 13:13-26. In Shire's Second Amended Complaint, Shire alleges infringement of "at least claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, and 17." D.I. 18-1 ¶ 22. As noted above, the '111 Patent contains a single independent claim, claim 1. The dependent claims add various limitations, including that "increased blood levels of C1 esterase inhibitor are maintained at least 50% of the time between administrations" (claim 5), that "the C1 esterase inhibitor comprises the amino acid sequence of residues 23 to 500 of SEQ ID NO:1" (claim 12), and that "the administration of the composition comprising the C1 esterase inhibitor increases the level of C1 esterase inhibitor in the blood of the subject up to about 1 U/mL" (claim 15). DI. 18-2 ('111 Patent) at cols. 13-14.

- 3 -

### B. The Willfulness Allegation in Shire's Second Amended Complaint

Shire accuses CSL Behring of indirect infringement by inducing and/or contributorily infringing the asserted claims of the '111 Patent. D.I. 18-1 ¶ 36. Shire, however, added a new assertion to the Second Amended Complaint, alleging that "Defendants' infringement of the '111 patent has been and continues to be willful." *Id.* at ¶ 44.[2] Shire goes on to allege that "Defendants have had actual knowledge of the '111 patent since at least April 11, 2017, the date the original complaint in this action was filed and served on Defendants." *Id.* at ¶ 33. Shire adds that "the U.S. patent application which matured into the '111 patent, and its file wrapper, have been published and publicly available since January 21, 2016." *Id.* Shire's willfulness allegation, however, rests on a single statement: "[l]aunching HAEGARDA with knowledge of the '111 patent, with knowledge that the use of HAEGARDA in the manner directed by the Defendants necessarily would infringe the '111 patent and without asserting any meaningful challenge to the validity of the '111 patent except by repeating arguments that already had been considered and overcome by the patent office, is egregious conduct." *Id.* at ¶ 44.

## V. ARGUMENT

### A. Legal Standards

#### 1. The Complaint Must Allege Facts that Make the Plaintiff's Claims Plausible

Pleadings must comply with Rule 8(a) by including a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[2] Shire did not allege willful infringement in its original or First Amended Complaint. *See* D.I. 1; D.I. 6.

"[A] complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Zimmer Surgical, Inc. v. Stryker Corp.*, C.A. No. 16-679-RGA-MPT, 2017 WL 3736750, at *1 (D. Del. Aug. 30, 2017) (quoting *Twombly*, 550 U.S. at 555). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 229 (D. Del. 2012) (*quoting Iqbal*, 556 U.S. at 679 and Fed. R. Civ. P. 8(a)(2)).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter which, if accepted as true, would "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### 2. Willful Infringement

Recently, the Supreme Court in *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, addressed the Federal Circuit's two-part test for establishing that a defendant's infringement was "willful" and warranted enhanced damages, which was set forth in *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007). In *Halo*, the Supreme Court held that the Federal Circuit's two-part test for enhanced damages was inconsistent with the damages statute, 35 U.S.C. § 284, thus abrogating *In re Seagate*. *Halo Elecs.*, 136 S. Ct. at 1934. The Court explained:

> Awards of enhanced damages under the Patent Act over the past 180 years establish that *they are not to be meted out in a typical infringement case, but are instead designed as a "punitive" or "vindictive" sanction for egregious infringement behavior.* The sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate.
>
> . . . .
>
> Consistent with nearly two centuries of enhanced damages under patent law, [] such punishment should generally be reserved for *egregious* cases typified by willful misconduct.

*Halo Elecs.*, 136 S. Ct. at 1932-34 (emphases added).

The Supreme Court's *Halo* decision thus makes clear that the benchmark of willfulness is now egregiousness, beyond the typical acts of infringement. *Id.* at 1935 (noting that generally the award of enhanced damages has been limited to "egregious cases of misconduct beyond typical infringement" during the nearly two centuries of applying and interpreting the Patent Act); *see also id.* at 1936 (Breyer, J., concurring) ("[T]he Court's references to 'willful misconduct' do not mean that a court may award enhanced damages simply because the evidence shows that the infringer knew about the patent *and nothing more* . . . . It is 'circumstanc[e]' that transforms simple knowledge into such egregious behavior, and that makes all the difference") (emphasis in original). Allegations of willfulness must be supported by factual content. *Zimmer*, 2017 WL 3736750, at *2. Dismissal of a willful infringement claim is thus warranted when the plaintiff makes merely general allegations of willful infringement, parroting the legal standard set forth in *Halo*, but that do not otherwise sufficiently articulate how a defendant's making, using, or selling an accused product is "egregious." *Varian Med. Sys.*, 2016 WL 3748772, at *8. Moreover, in analyzing the sufficiency of pleadings of willful infringement after *Halo*, district courts have noted that "what may have been sufficient pre-*Halo Electronics* is no longer so."

*Jenkins v. LogicMark, LLC*, No. 3:16-CV-751-HEH, 2017 WL 376154, at *6 (E.D. Va. Jan. 25, 2017) (noting that "[o]ther district courts," including Delaware, "have reached a similar conclusion") (citing *Varian Med. Sys.*, 2016 WL 3748772, at *8).

    **B.    Shire's Second Amended Complaint Fails To Adequately Plead Willful Infringement**

Shire's new willful infringement claim falls well short of the pleading requirements of Rule 8 by failing to articulate how CSL Behring's alleged conduct rises from mere "typical infringement" to the level of "egregious" conduct. *Halo Elecs.*, 136 S. Ct. at 1936. The only allegation alluding to purported "egregious conduct" is paragraph 44 of the Second Amended Complaint:

> Launching HAEGARDA with knowledge of the '111 patent, with knowledge that the use of HAEGARDA in the manner directed by the Defendants necessarily would infringe the '111 patent and without asserting any meaningful challenge to the validity of the '111 patent except by repeating arguments that already had been considered and overcome by the patent office, is egregious conduct.

D.I. 18-1 ¶ 44. The allegations underlying Shire's willful infringement claim are thus little more than a recitation of the elements of willful infringement coupled with the purported allegation that CSL Behring did not assert a "meaningful challenge to the validity of the '111 patent." *Id.* Yet on May 31, 2017, *more than a month prior to launching* Haegarda®, CSL Behring filed an *inter partes* review (IPR) petition with the Patent Trial and Appeal Board (PTAB) challenging the validity of the 111' Patent.[3] And contrary to Shire's contention, CSL Behring's IPR petition included invalidity positions not previously considered by the Patent Office during prosecution

---

[3] Shire's reference to CSL Behring's "challenge to the validity of the '111 patent," is in direct reference to CSL Behring's IPR petition noted above. The Patent Office's decision on whether to institute the IPR petition is due by December 9, 2017. If instituted, CSL Behring intends to file a motion to stay these court proceedings in order to mitigate against wasting the Court's and parties' time and resources. *See 454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*, C.A. No. 15-595-LPS, 2016 WL 6594083, at *3 (D. Del. Nov. 7, 2016).

of the '111 Patent. Regardless, CSL Behring's IPR challenge of the '111 Patent, filed before CSL Behring launched Haegarda®, demonstrates a lack of intent to infringe a *valid* patent, thus undercutting the *only* reference to purported "egregious" conduct in the Second Amended Complaint.

Indeed, Shire does not allege *how* CSL Behring's purported acts of infringement, in making, importing, using, or selling Haegarda®, is in any way "egregious." *Varian Med. Sys.*, 2016 WL 3748772, at *8 (recommending that Plaintiff's willful infringement claim be dismissed where "the Complaint does not sufficiently articulate how the defendants' making, using or offering for sale of the [accused product] actually amounted to an egregious case of infringement of the patent"); *Zimmer*, 2017 WL 3736750, at *2 (dismissing willfulness claim alleging only that defendants infringe "in an egregious and wanton manner by infringing '920 patent in the two-competitor field of fluid waste management"). The section of Shire's Second Amended Complaint supposedly addressing "Defendants' Infringing Conduct," contains only "typical" acts of alleged infringement such as the "manufacture, importation, use, sale, and/or offer to sell HAEGARDA." D.I. 18-1 ¶ 22; *see also* ¶¶ 23-36. Shire merely points to the product label of Haegarda® as allegedly instructing members of the public to use Haegarda® in a purportedly infringing way, but this is in no way "egregious" conduct. D.I. 18-1 ¶ 31. Because the willfulness claim in the Second Amended Complaint references only alleged acts of "typical infringement," it should be dismissed for failure to state a claim. *Princeton Digital Image Corp. v. Ubisoft Entm't SA*, C.A. No. 13-335-LPS-CJB, 2016 WL 6594076 (D. Del. Nov. 4, 2016) (recommending that Plaintiff's willful infringement claim be dismissed where Plaintiff failed to articulate how Defendant's actions amounted to an "egregious" case of infringement of the patent).

Moreover, despite the fact that Shire filed its original and First Amended Complaints prior to Haegarda's® FDA approval, Shire did not seek a preliminary injunction to stop CSL Behring from launching Haegarda®, to prevent the allegedly "egregious" conduct. Indeed, Shire was aware that CSL Behring was preparing for Haegarda's® launch upon FDA approval when it filed its original and First Amended Complaints, well before the launch of Haegarda® in July. *See* D.I. 1 ¶¶ 19-35; D.I. 6 ¶¶ 20-36. Under these circumstances, Shire can hardly allege now that CSL Behring's alleged infringing conduct is "egregious." Moreover, that Shire had the opportunity to try to stop the alleging infringing conduct before it even started, but chose not to, further thwarts any assertion of willful infringement on the part of CSL Behring. *See Dorman Prod., Inc. v. Paccar, Inc.*, 201 F. Supp. 3d 663, 681 (E.D. Pa. 2016), as amended (Oct. 17, 2016) ("Absent evidence of pre-filing willful infringement, a patentee who does not seek a preliminary injunction may not base a claim for willful infringement solely on the infringer's post-filing conduct."). For this additional reason, Shire's willfulness claim should be dismissed.

## VI. CONCLUSION

Defendants respectfully request that the Court dismiss Shire's willful infringement claim in its Second Amended Complaint under Rule 12(b)(6) for failure to state a claim for which relief may be granted.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | */s/ Karen E. Keller* |
| OF COUNSEL: | John W. Shaw (No. 3362) |
| Sanya Sukduang | Karen E. Keller (No. 4489) |
| Jonathan R. Davies | David M. Fry (No. 5486) |
| Amanda K. Murphy | Nathan R. Hoeschen (No. 6232) |
| Lillian M. Robinson | SHAW KELLER LLP |
| FINNEGAN, HENDERSON, FARABOW, GARRETT | I.M. Pei Building |
|   & DUNNER, LLP | 1105 North Market Street, 12th Floor |
| 901 New York Avenue, NW | Wilmington, DE 19801 |
| Washington, DC 20001 | (302) 298-0700 |
| (202) 408-4377 | kkeller@shawkeller.com |
|  | *Attorneys for Defendants* |

Anthony C. Tridico
FINNEGAN, HENDERSON, FARABOW, GARRETT
 & DUNNER, LLP
16 Old Bailey
London EC4M 7EG
United Kingdom
011.44.207.864.2888

Dated: September 7, 2017