IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHIRE VIROPHARMA LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 17-414 (MSG) |
| | ) | CONSOLIDATED |
| CSL BEHRING LLC and | ) | |
| CSL BEHRING GmbH, | ) | |
| | ) | |
| Defendants. | ) | REDACTED -- PUBLIC VERSION |

**REPLY LETTER TO THE HONORABLE MITCHELL S. GOLDBERG
FROM DEREK J. FAHNESTOCK REGARDING REQUEST
FOR LEAVE TO MOVE FOR SUMMARY JUDGMENT**

OF COUNSEL:

Eric J. Marandett
Daniel C. Winston
G. Mark Edgarton
Anita M. C. Spieth
Bryana T. McGillycuddy
Jennie D. Wilusz
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
(617) 248-5000

Edgar H. Haug
HAUG PARTNERS LLP
745 Fifth Avenue, 10th Floor
New York, NY 10105
(212) 588-0800

Original Filing Date:  April 6, 2020
Redacted Filing Date:  April 21, 2020

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
kjacobs@mnat.com
dfahnestock@mnat.com

*Attorneys for Plaintiff Shire ViroPharma LLC*

Dear Judge Goldberg:

Plaintiff ("Shire") submits this reply letter in support of its request for leave to move for summary judgment on three distinct issues. *See* D.I. 281. CSL does not identify any real genuine dispute of material fact that would preclude summary judgment but instead raises legal arguments that it asserts require ruling in CSL's favor. *See* D.I. 283. CSL's letter is substantively wrong but proves that these issues are ripe for summary judgment.

I. **CSL Has Not Identified Any Genuinely Disputed Fact Material to Infringement.**

Rather than point to any conflicting evidence that would raise a genuine dispute of material fact, CSL advances legal arguments about the sufficiency of Shire's infringement evidence.[1] To prove direct infringement of the composition claims, Shire need only establish that CSL sells infringing compositions. The Haegarda Label and Shire's unrebutted expert testing of Haegarda samples demonstrate unequivocally that CSL's Haegarda meets all elements of the asserted composition claims. Obviously, Shire cannot (and need not) put forth all of its undisputed infringement evidence with these letter briefs.[2] Rather, these letters demonstrate that the parties' dispute is legal, not factual, and, on a complete record, Shire will show that there is no genuine dispute as to CSL's infringement.

CSL also argues that Shire cannot prove direct infringement of the method claims by relying on (1) CSL's clinical trials and (2) the Haegarda Label to prove the blood level limitations are satisfied (citing *Bayer*). *See* D.I. 283 at 1. But CSL is wrong about the applicable law, and these are legal questions to be resolved by the Court.[3] First, CSL's reliance on the "safe harbor" is misplaced. Shire does not assert that CSL's administration of C1-INH compositions during the clinical trials infringes, but rather that the clinical trial data (and other evidence) shows that administration of post-launch Haegarda infringes. *See, e.g., Johns Hopkins Univ. v. Cellpro*, 931 F. Supp. 303, 319 (D. Del. 1996). Second, Shire may rely on the Haegarda Label to prove infringement of the blood level limitations. *Bayer Schering Pharma AG v. Lupin, Ltd.*, 676 F.3d 1316, 1321-24 (Fed. Cir. 2012), focused on whether an ANDA plaintiff could point to other sections of the label to establish approved uses for a generic drug, not whether the pharmacology section (along with expert testimony) can be used to establish pharmacokinetic results. Notably, CSL does not dispute that administration of Haegarda meets the blood level limitations.[4]

---

[1] CSL contends that "Shire does not seek summary judgement of infringement of the '423 patent or claims 27 and 29 of the '788 patent, thus summary judgment would not eliminate the issue of infringement at trial." D.I. 283 at 2. That is simply incorrect. *See, e.g.*, D.I. 281 at 1 (seeking to file for summary judgment on "all asserted claims" and "each of the asserted patents").

[2] In another misleading statement, CSL contends that Shire's letter does not expressly mention Haegarda's infringing pH. *See* D.I. 283 at 1. There was no reason to do so because CSL does not dispute that Haegarda's pH falls within the claimed range. Shire will put forth the undisputed evidence of CSL's infringement in its summary judgment briefs.

[3] CSL also argues that Shire cannot prove direct infringement because SPNN is not CSL's agent ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See* D.I. 283 at 1. But agency and contract interpretation are also legal issues suitable for disposition by the Court.

[4] CSL's only purported dispute focuses on the extent of infringement for purposes of calculating damages, which is immaterial for summary judgment purposes on liability.

April 6, 2020
Page 2

## II. CSL Lacks Evidence to Support Its Inequitable Conduct Defense.

CSL points to circumstantial factual allegations but ignores that it lacks evidence of at least two elements of its inequitable conduct case.[5]  First, CSL cannot present evidence, much less clear and convincing evidence, that material information was withheld from, or misrepresented to, the PTO.  PTO documents establish that Shire undisputedly disclosed the pertinent information about both CSL's and Sanquin's respective development work to the PTO.  *See, e.g.*, D.I. 281, Ex. J.  CSL essentially complains that the PTO failed to appreciate the submitted references and Shire did not clarify their importance.  *See* D.I. 283 at 2.  But as a matter of law, the Court presumes that the examiner properly considered the submissions.  *See PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1304 (Fed. Cir. 2008).  Second, CSL does not and cannot set forth actual evidence, much less clear and convincing evidence, of "intent to deceive," which must be "the single most reasonable inference able to be drawn from the evidence."  *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011).  CSL will not be able to show that, particularly since the relevant individuals in fact disclosed this work to the PTO.  Thus, inequitable conduct is amenable to summary judgment.

## III. CSL Lacks Evidence of a "Motivation to Combine" the Asserted References.

CSL's response focuses on *Schranz*, but CSL does not respond to the contention that it has never articulated a cognizable "motivation to combine" *Schranz* (a poster showing more favorable data for administration of **low concentration** C1-INH with a dispersing agent, stating that formulation was "well tolerated," and which teaches away, D.I. 283, Ex. 14) and *Gatlin* (a textbook chapter titled "Formulation and Administration Techniques to Minimize Injection Pain and Tissue Damage Associated with Parenteral Products").  *See PersonalWeb Techs., LLC v. Apple, Inc.*, 848 F.3d 987, 993-94 (Fed. Cir. 2017).  CSL merely cites conclusory legal opinions in their experts' reports.  *See* D.I. 283 at 3.  Such testimony is improper, misses the mark, and cannot substitute for actual evidence of a motivation to combine.  *See TQ Delta, LLC v. Cisco Sys.*, 942 F.3d 1352, 1359-62 (Fed. Cir. 2019).  As such, summary judgment of non-obviousness is appropriate.

Shire therefore respectfully seeks leave to file a motion for summary judgment on the grounds identified above to narrow the issues presented to the jury.

Respectfully,

*/s/ Derek J. Fahnestock*

Derek J. Fahnestock (#4705)

cc: All Counsel of Record (via electronic mail)

---

[5] CSL erroneously states that "Shire does not seek to file summary judgment on all of" CSL's inequitable conduct allegations.  D.I. 283 at 2.  Again, CSL is wrong. Shire seeks summary judgment on CSL's entire inequitable conduct defense and counterclaim.  If the issue survives, however, Shire intends to move *in limine* to preclude CSL from presenting the evidence to the jury, as the Court decides inequitable conduct.